ACCEPTED
14-15-00015-cv
FOURTEENTH COURT OF APPEALS
HOUSTON, TEXAS
10/13/2015 12:41:12 PM
CHRISTOPHER PRINE
CLERK

No. 14-15-00015-CV

**IN THE FOURTEENTH COURT OF APPEALS
HOUSTON, TEXAS**

FILED IN
14th COURT OF APPEALS
HOUSTON, TEXAS
10/13/2015 12:41:12 PM
CHRISTOPHER A. PRINE
Clerk

**IN THE INTEREST OF C.C.G., A CHILD**

APPEAL FROM CAUSE NO. 2013-03557J
315th DISTRICT COURT, HARRIS COUNTY, TEXAS
HON. JUDGE MICHAEL SCHNEIDER

**REPLY BRIEF OF APPELLANT MOTHER MG**

Paul R. Lawrence
State Bar No. 12050000
2180 North Loop West, Suite 510
Houston, Texas 77018
(713) 864-8000
(713) 864-0179 (fax)
prlawrence@lbandd.com
*Counsel for Appellant Mother MG*

**ORAL ARGUMENT REQUESTED**

1

## STATEMENT REGARDING ORAL ARGUMENT

Appellant requests oral argument.

## IDENTITY OF PARTIES AND COUNSEL

**Appellant:**

Mother MG

**Appellate Counsel:**

Paul Lawrence
State Bar No. 12050000
2180 North Loop West, Suite 510
Houston, Texas 77018

**Appellee/Plaintiff:**

Texas Department of Family
and Protective Services

**Trial Counsel:**

Sandra Hachem
State Bar No. 08667060
David Masquelette
State Bar No. 13162700
Harris County Attorney's Office
1019 Congress, 17th Floor
Houston, TX 77002

**Co-Respondent**

Sergio Reyes
State Bar of Texas No. 16794725
3528 1/2 Broadway St
Pearland, TX 77581

Attorney ad Litem

Jeffrey Marsh, Amicus Attorney
State Bar No. 13018300
The Marsh Law Firm
5225 Katy Fwy Ste 250
Houston, TX 77007

Guardian ad Litem

Dorothy E. Oruaga, Amicus Attorney
State Bar No. 00791380
Law Office of Dafey & Associates
2646 S Loop W Ste 635
Houston, TX 77054

# TABLE OF CONTENTS

STATEMENT REGARDING ORAL ARGUMENT 2

INDEX OF AUTHORITIES 4

PROCEDURAL HISTORY 6

ISSUE PRESENTED 7
  Can meaningful appeal, essential to due process, be obtained
in a suit affecting the Parent-Child Relationship when the Judgment
modifies an existing Judgment and there are no Findings of Facts and
Conclusions of Law entered by the Court?

ARGUMENT 7

RELIEF REQUESTED 9

CONCLUSION AND PRAYER 10

CERTIFICATE OF COMPLIANCE 11

CERTIFICATE OF SERVICE 12

APPENDIX 13

# INDEX OF AUTHORITIES

*Holly v Adams*, 544 SW2d 367 (Tex. 1976)..............................................8

*Lenz v Lenz*, 70 SW3rd 10 (Tex. 2002)...............................................8


Tex. Fam. Code 153.13...................................................................8

No. 14-15-00015-CV

---

## In the FOURTEENTH Court of Appeals
## Houston, Texas

---

## IN THE INTEREST OF C.C.G., A CHILD

---

APPEAL FROM CAUSE NO. 2013-03557J
315th DISTRICT COURT, HARRIS COUNTY, TEXAS
HON. JUDGE MICHAEL SCHNEIDER

---

TO THE HONORABLE FIRST COURT OF APPEALS:

Comes now Mother MG, Appellant, Defendant in the trial court, and files

this her Reply Brief to Appellee Department of Family and Protective Services,

and would respectfully show the Court the following:

5

## PROCEDURAL HISTORY

Mother MG timely filed Requests for Findings of Fact and Conclusions of Law and thereafter timely notified the Court and Counsel of the overdue status. Mother MG diligently tried to prepare a meaningful Brief by reviewing, reading and considering over 915Transcript pages of Trial taken over five non-consecutive days together with the exhibits offered and admitted.

Mother MG filed a Request to Abate the Appeal to allow the Trial Court a period of time to enter Findings of Fact and Conclusions of Law. There was no response and no contest by any of the Parties. This Court denied the Motion.

Mother MG filed Appellant's Brief requesting this Court to reverse the decision of the Court below in that there was no legal or factual basis to modify a valid, existing order of Joint Managing Conservatorship with Mother MG having the right to designate residence as set forth in the divorce decree.

The only Party to file a responsive Brief was the County Attorney's office for Texas Department of Family and Protective Services (DFPS) - Children's Protective Service (CPS), party below, and to this Appeal. Father, Samuel Garcia, Joint Managing Conservator, party below and to this appeal, was the Managing Conservator designated by the Trial Court as the person authorized to establish the domicile for the child, filed no Brief. Further, no Brief or Response was filed by the attorney ad litem for the child.

6

## ISSUES PRESENTED

Can meaningful appeal, essential to due process, be obtained in a suit affecting the Parent-Child Relationship when the Judgment modifies an existing Judgment and there are no Findings of Facts and Conclusions of Law entered by the Court?

## ARGUMENT

### I.

CPS points out the Judgment recites that the Judge found all the facts necessary to support the decision. The Judgment references the Petition (Third Amended- Attached for convenience). That pleading is seven pages long, recites several facts, opinions and conclusory statements. It requests every possible relief that could be sought except it does not request that Appellant be denied the rights that she had before the proceeding began, the right to be the Managing Conservator with the right to establish the domicile of the child.

The seizure of the child was contested. The father's care of the child, transportation of the child, placement of the child in school, the selection of baby-sitter were all contested facts. The suitability of boyfriend Appellant and safety concerns were contested. The Court made no orders in the Judgment concerning the boyfriend. The Court did not put any restriction on Appellant's rights as a

7

parent; finding by necessary implication that she was an appropriate Joint Managing Conservator except to take away her right to be the principal Managing Conservator with right to designate residence. There is no "finding of fact" in the Judgment that diminishes her status. There is no allegation in the pleading that Mother MG might restrict the Father's access, interfere with his rights, move her residence, that she moves frequently; in short, there is no allegation that this responsibility needed to be taken away from her. Further, there is no request for that action except as might arise from use of the term "or other orders in the best interest of the child".

The case widely quoted and relied upon by Family Courts regarding Conservatorship in the state is _Holly v Adams_, 544 SW2d 367 (Tex. 1976). This case sets forth the Holly Factors, giving the Trial Courts guidance on determining conservatorship and best interest of the child.

The Family Code provides that the Court shall designate the conservator who has the exclusive right to designate the primary residence of the child. (Tex.Fam. Code 153.131) The Family Code is silent as to the factors a Court should consider when making such designation. However, in _Lenz v Lenz_, 70 SW3rd 10 (Tex. 2002) the Court recognized that this was an important right. The Court stated that the public policy of the state is to 1) assure that the child shall have frequent and continuing contact with parents who have shown an ability to act

8

in the best interest of the child, 2) provide a safe, stable and non-violent environment and 3) encourage parents to share in the rights and duties of raising the child.

Despite the early inflammatory allegations in this case, it is clear that nothing remained of the case to terminate the Parent-Child Relationship of Mother, to restrict or monitor visitation and that she was a suitable Managing Conservator. There was no testimony (and no facts that in any way impinged on the *Lenz* factors).

## RELIEF REQUESTED

Mother MG asks the Court to reverse the Trial Court's Judgment and to find that Mother MG be reinstated as the Principal Managing Conservator with the right to designate the residence of the child.

9

## CONCLUSION AND PRAYER

Mother MG asks this Court to reverse the Trial Court's Judgment, reinstating the Divorce Decree appointing Mother as Primary Managing Conservator, and to remand the case for any further proceeding deemed necessary. Mother MG further requests all other relief to which she is entitled at law or in equity.

RESPECTFULLY SUBMITTED:


/s/ Paul R. Lawrence
Paul R. Lawrence
State Bar No. 12050000
5225 Katy Freeway, Suite 350
Houston, Texas 77007
Telephone: (713) 864-8000
Fax: (713) 864-0179
prlawrence@lbandd.com
*Counsel for Appellant*

# **<u>CERTIFICATE OF COMPLIANCE</u>**

I, Paul R. Lawrence certify that this document contains 1376 words (counted by computer).


<u>/S Paul R. Lawrence</u>
Paul R. Lawrence

## CERTIFICATE OF SERVICE

I, Paul R. Lawrence, in compliance with Texas Rule of Appellate Procedure 9.5, hereby certify that a true and correct copy of the foregoing Appellant's Reply Brief was sent to all other parties to the trial court's judgment by e-service on this the 13th day of October, 2015, as listed below:

Sandra Hachem, County Attorney
David Masquelette, County attorney
Robert J. Hazeltine-Shedd, Assistant County Attorney
Jeffrey Marsh, Amicus Attorney
Dorothy E. Oruaga, Amicus Attorney
Sergio Reyes

_/s/ Paul R. Lawrence_
Paul R. Lawrence

# APPENDIX

A – Judgment

B – Third Amended Petition

Tab A

ORIGINAL

NOTICE: THIS DOCUMENT
CONTAINS SENSITIVE DATA

**KE'SHA JACOBS 175-6**

F I L E D
Chris Daniel
District Clerk

DEC 1 7 2014

Time: _____
Harris County, Texas

By _____
Deputy

CAUSE NO. 2013-03557J

| | |
|---|---|
| IN THE INTEREST OF | IN THE DISTRICT COURT OF |
| CALEB CHRISTOPHER GARCIA | HARRIS COUNTY, TEXAS |
| CHILD | 315TH JUDICIAL JUVENILE DISTRICT |

## ORDER MODIFYING PRIOR ORDER

On **November 3, 2014, November 5, 2014, November 10, 2014, November 13, 2014** and **November 17, 2014,** came on to be heard before this Court was the *Third Amended Motion To Modify Prior Order* filed by the Texas Department of Family and Protective Services ("the Department").

1. **Appearances**

   1.1. The Department appeared through **KE'SHA JACOBS,** caseworker, and by attorney, **DAVID S. MASQUELETTE,** and announced ready.

   1.2. Respondent **MOTHER, MONICA LEE GARCIA AKA MONICA LEE RIEDEL,** appeared in person and through attorneys, **PATRICIA SEGURA** and **PAUL R. LAWRENCE,** and announced ready.

   1.3. Respondent **FATHER, SAMUEL R. GARCIA, JR.,** SSN XXX-XX-8811, appeared in person and through attorney **SERGIO REYES,** and announced ready.

   1.4. **JEFFREY H. MARSH,** appointed by the Court as Attorney Ad Litem for the child the subject of this suit appeared and announced ready.

   1.5. **DOROTHY DAFEY ORUAGA,** appointed by the Court as Guardian Ad Litem for the child the subject of this suit appeared and announced ready.

2. **Findings**

   2.1. The Court, having examined the record and heard the evidence and argument of counsel, finds that this Court has jurisdiction of this case and of all the parties and that no other court has continuing, exclusive jurisdiction of this case at this time.

   2.2. The Court, having examined the record and heard the evidence and argument of counsel, finds that the State of Texas has jurisdiction of this case pursuant to Subchapter C, Chapter 152, Texas Family Code, by virtue of the fact that Texas is the home state of the child.

RECORDER'S MEMORANDUM
This instrument is of poor quality
at the time of imaging.

2.3. All persons entitled to citation were properly cited.

2.4. The Court finds that the material allegations contained in the Department's *Third Amended Motion to Modify* are true and that the following orders are in the best interest of the child.

2.5. The Court finds that this order sufficiently defines the rights and duties of the parents of the child

3. **Jury**

A jury was waived, and all questions of fact and of law were submitted to the Court.

4. **Record**

The record of testimony was duly reported by the court reporter, **CARA C. SKINNER** for the 315th Judicial District Court of Harris County.

5. **The Child**

The Court finds that the following child is the subject of this suit:

> Name: **CALEB CHRISTOPHER GARCIA**
> Sex: **MALE**
> Birth Date: **DECEMBER 18, 2009**
> Social Security Number: **XXX-XX-3697**
> Present Residence: **OWN HOME**

6. **The Department's Motion to Modify is GRANTED.**

The Court finds that the circumstances of the Child, the Joint Managing Conservators, or any other party affected by the prior order entitled **FINAL DECREE OF DIVORCE** and dated **June 13, 2011** have materially and substantially changed since the rendition of the order to be modified.

**IT IS ORDERED** that **SAMUEL R. GARCIA, JR.** and **MONICA LEE GARCIA AKA MONICA LEE RIEDEL** remain Joint Managing Conservators of the following child: CALEB GARCIA.

**IT IS ORDERED** that, at all times, **SAMUEL R. GARCIA, JR.** and **MONICA LEE GARCIA AKA MONICA LEE RIEDEL**, as parent joint managing conservators, shall each have the following rights:

1) the right to receive information from any other conservator of the child concerning the health, education, and welfare of the child;
2) the right to confer with the other parent to the extent possible before making a decision concerning the health, education, and welfare of the child;
.3) the right of access to medical, dental, psychological, and educational records of the

child;

4) the right to consult with a physician, dentist, or psychologist of the child;

5) the right to consult with school officials concerning the child's welfare and educational status, including school activities;

6) the right to attend school activities;

7) the right to be designated on all of the child's records, including medical, school, and day care, as the child's parent and as a person to be notified in case of an emergency;

8) the right to consent to medical, dental, and surgical treatment during an emergency involving an immediate danger to the health and safety of the child; and

9) the right to manage the estates of the child to the extent the estates have been created by the parent or the parent's family.

**IT IS ORDERED** that, at all times, **SAMUEL R. GARCIA, JR.** and **MONICA LEE GARCIA AKA MONICA LEE RIEDEL,** as parent joint managing conservators, shall each have the following duties:

1) the duty to inform the other conservator of the child in a timely manner of significant information concerning the health, education, and welfare of the child; and

2) the duty to inform the other conservator of the child if the conservator resides with for at least thirty days, marries, or intends to marry a person who the conservator knows is registered as a sex offender under chapter 62 of the Code of Criminal Procedure or is currently charged with an offense for which on conviction the person would be required to register under that chapter. IT IS ORDERED that this information shall be tendered in the form of a notice made as soon as practicable, but not later than the fortieth day after the date the conservator of the child begins to reside with the person or on the tenth day after the date the marriage occurs, as appropriate. IT IS ORDERED that the notice must include a description of the offense that is the basis of the person's requirement to register as a sex offender or of the offense with which the person is charged. **WARNING: A CONSERVATOR COMMITS AN OFFENSE PUNISHABLE AS A CLASS C MISDEMEANOR IF THE CONSERVATOR FAILS TO PROVIDE THIS NOTICE.**

**IT IS ORDERED** that, during their periods of possession, **SAMUEL R. GARCIA, JR.** and **MONICA LEE GARCIA AKA MONICA LEE RIEDEL,** as parent joint managing conservators, shall each have the following rights and duties:

1) the duty of care, control, protection, and reasonable discipline of the child;

2) the duty to support the child, including providing the child with clothing, food, shelter, and medical and dental care not involving an invasive procedure;

3) the right to consent for the child to medical and dental care not involving an invasive procedure; and

4) the right to direct the moral and religious training of the child.

7. **Removal of Managing Conservator with Right to Establish Residence.**

IT IS DECREED that MONICA LEE GARCIA AKA MONICA LEE RIEDEL be removed as Joint Managing Conservator with the right to establish the residence of the child CALEB CHRISTOPHER GARCIA.

8. **Appointment of New Managing Conservator of the Child with Right to Establish Residence.**

8.1. **IT ORDERED AND DECREED** that SAMUEL R. GARCIA, JR. is appointed Joint Managing Conservator with the right to establish the residence of the child, **CALEB CHRISTOPHER GARCIA**, with the rights and duties specified in § 153.371, Texas Family Code, as follows:

1) the exclusive right to designate the primary residence of the child within Harris County and Matagorda County;
2) the independent right to consent to medical, dental, and surgical treatment involving invasive procedures;
3) the independent right to consent to psychiatric and psychological treatment of the child;
4) the exclusive right to receive and give receipt for periodic payments for the support of the child and to hold or disburse these funds for the benefit of the child;
5) the independent right to represent the child in legal action and to make other decisions of substantial legal significance concerning the child;
6) the independent right to consent to marriage and to enlistment in the armed forces of the United States;
7) the independent right to make decisions concerning the child's education;
8) except as provided by Section 264.0111 of the Texas Family Code, the independent right to the services and earnings of the child;
9) except when a guardian of the child's estates or a guardian or attorney ad litem has been appointed for the child, the independent right to act as an agent of the child in relation to the child's estates if the child's action is required by a state, the United States, or a foreign government; and
10) the independent duty to manage the estates of the child to the extent the estates have been created by community property or the joint property of the parent.

8.2. The Court finds the above-described appointment to be in the best interest of the child.

9.1 **IT IS FURTHER ORDERED AND DECREED** that **MONICA LEE GARCIA AKA MONICA LEE RIEDEL** is appointed Joint Managing Conservator of the child, **CALEB CHRISTOPHER GARCIA**, with the rights and duties specified in § 153.371, Texas Family Code, as follows:

1) the independent right to consent to medical, dental, and surgical treatment involving invasive procedures;
2) the independent right to consent to psychiatric and psychological treatment of the

child;

3) the independent right to represent the child in legal action and to make other decisions of substantial legal significance concerning the child;
4) the independent right to consent to marriage and to enlistment in the armed forces of the United States;
5) the independent right to make decisions concerning the child's education;
6) except as provided by section 264.0111 of the Texas Family Code, the independent right to the services and earnings of the child;
7) except when a guardian of the child's estates or a guardian or attorney ad litem has been appointed for the child, the independent right to act as an agent of the child in relation to the child's estates if the child's action is required by a state, the United States, or a foreign government; and
8) the independent duty to manage the estates of the child to the extent the estates have been created by community property or the joint property of the parent.

8.3. The Court finds the above-described appointment to be in the best interest of the child.

8.4. **IT IS FURTHER ORDERED AND DECREED** that the **DEPARTMENT OF FAMILY AND PROTECTIVE SERVICES** is hereby **REMOVED** as a Temporary Managing Conservator of the child at issue in the case and is **RELEASED** from any further duties, or responsibilities pursuant to any designation or authority that this Court may have granted to the Department during the pendency of this case and prior to the date of this judgment.

9. **Parties Granted Possession or Access**

9.1. The Court finds that the following orders regarding possession and access by **MONICA LEE GARCIA AKA MONICA LEE RIEDEL** are in the child's best interest.

9.2. **IT IS ORDERED AND DECREED** that **MONICA LEE GARCIA AKA MONICA LEE RIEDEL** shall have possession of the child at times mutually agreed to in advance by the parties and, in the absence of mutual agreement, as follows:

The Court finds that the Standard Possession Order as set out in Exhibit A, attached hereto and incorporated herein, is in the best interest of the child.

The Court further ORDERS that any contact between the child, **CALEB CHRISTOPHER GARCIA** and **RANDALL LOWRY** shall be supervised by **MONICA LEE GARCIA AKA MONICA LEE RIEDEL.**

9.3 The Court further ORDERS that **SAMUEL R. GARCIA, JR.** shall have the child **CALEB CHRISTOPHER GARCIA** available to **MONICA LEE GARCIA AKA MONICA LEE RIEDEL** for telephone access on each Wednesday of every week at 8:00 p.m.

9.3.   **IT IS ORDERED AND DECREED** that **MONICAL LEE GARCIA AKA MONICA LEE REIDELL** shall have possession of the child at times mutually agreed to in advance by the parties and, in the absence of mutual agreement, as follows:

The Court finds that the Standard Possession Order as set out in Exhibit A, attached hereto and incorporated herein, is in the best interest of the child.

9.4.   The periods of possession ordered above apply to each child the subject of this suit while that child is under the age of eighteen years and not otherwise emancipated.

10.   **Additional Orders**

10.1   **IT IS FURTHER ODERED** that **SAMUEL R. GARCIA, JR.** shall not drive a vehicle with the child **CALEB CHRISTOPHER GARCIA** without a valid driver's license and valid auto insurance.

10.2   **IT IS FURTHER ORDERED** that the child, **CALEB CHRISTOPHER GARCIA** is never to be left alone in the supervision of his paternal grandmother, **FRANCISCA GARCIA a/k/a FRANCES GARCIA.**

11.   **Interstate Compact**
The Court finds that the Petitioner has filed a verified allegation or statement regarding compliance with the Interstate Compact on the Placement of Children as required by § 162.002(b)(1) of the Texas Family Code.

12.   **Temporary Child Support Survives Judgment**

**IT IS FURTHER ORDERED AND DECREED** that all obligations and duties for temporary child support imposed by the temporary orders of this Court that are not yet discharged shall survive this judgment and independent enforcement may be sought.

13.   **Child Support: MONICA LEE GARCIA AKA MONICA LEE RIEDEL**

13.1   **IT IS ORDERED AND DECREED** that **MONICA LEE GARCIA AKA MONICA LEE RIEDEL** shall pay child support for the child as set forth in **Child Support Attachment A** to this Order, which is incorporated herein as if set out verbatim in this paragraph.

9.5.   **IT IS ORDERED AND DECREED** that **MONICA LEE GARCIA AKA MONICA LEE RIEDEL** shall pay, when due, all fees charged by the agency through whom child support is paid.

10.   **Medical Support and Health Insurance: MONICA LEE GARCIA AKA MONICA LEE RIEDEL and SAMUEL R. GARCIA, JR.**

**IT IS ORDERED AND DECREED** that **MONICA LEE GARCIA AKA MONICA LEE RIEDEL** and **SAMUEL R. GARCIA, JR.** shall provide for the medical support of

the child as set forth in **Medical Support and Health Insurance Provisions Attachment C** to this Order, which is incorporated herein as if set out verbatim in this paragraph.

11. **Duty to Provide Information**

11.1. **IT IS ORDERED AND DECREED** pursuant to § 153.076(a), Texas Family Code that each conservator of a child has a duty to inform the other conservator of the child in a timely manner of significant information concerning the health, education, and welfare of the child.

11.2. **IT IS ORDERED AND DECREED** pursuant to § 153.076(b), Texas Family Code, that each conservator of the child has the duty to inform the other conservator if the conservator resides with for at least 30 days, marries or intends to marry a person who the conservator knows:

11.2.1. is registered as a sex offender under Chapter 62, Code of Criminal Procedure; or

11.2.2. is currently charged with an offense for which on conviction the person would be required to register under that chapter.

11.3. The notice required to be made under § 153.076(b), Texas Family Code, must be made as soon as practicable but not later than the 40th day after the date the conservator of the child begins to reside with the person or the 10th day after the date the marriage occurs, as appropriate. The notice must include a description of the offense that is the basis of the person's requirement to register as a sex offender or of the offense with which the person is charged.

11.4. **A CONSERVATOR COMMITS AN OFFENSE IF THE CONSERVATOR FAILS TO PROVIDE NOTICE IN THE MANNER REQUIRED BY SUBSECTIONS (b) AND (c) OF § 153.076, Texas Family Code. AN OFFENSE UNDER THIS SUBSECTION (d) IS A CLASS C MISDEMEANOR**

12. **Required Information and Notices Regarding the Parties and child**

12.1. **EXCEPT FOR THOSE PERSONS SPECIFICALLY EXEMPTED FROM SUCH DISCLOSURE BELOW, EACH PERSON WHO IS A PARTY TO THIS ORDER IS ORDERED TO NOTIFY EACH OTHER PARTY, THE COURT, AND THE STATE CASE REGISTRY OF ANY CHANGE IN THE PARTY'S CURRENT RESIDENCE ADDRESS, MAILING ADDRESS, HOME TELEPHONE NUMBER, NAME OF EMPLOYER, ADDRESS OF EMPLOYMENT, DRIVER'S LICENSE NUMBER AND WORK TELEPHONE NUMBER. THE PARTY IS ORDERED TO GIVE NOTICE OF AN INTENDED CHANGE IN ANY OF THE REQUIRED INFORMATION TO EACH OTHER PARTY, THE COURT, AND THE STATE CASE REGISTRY ON OR BEFORE THE 60TH DAY BEFORE THE INTENDED CHANGE. IF THE PARTY DOES NOT KNOW OR COULD NOT HAVE KNOWN OF THE CHANGE IN SUFFICIENT TIME**

TO PROVIDE 60-DAY NOTICE, THE PARTY IS ORDERED TO GIVE NOTICE OF THE CHANGE ON OR BEFORE THE FIFTH DAY AFTER THE DATE THAT THE PARTY KNOWS OF THE CHANGE.

12.2. THE DUTY TO FURNISH THIS INFORMATION TO EACH OTHER PARTY, THE COURT, AND THE STATE CASE REGISTRY CONTINUES AS LONG AS ANY PERSON, BY VIRTUE OF THIS ORDER, IS UNDER AN OBLIGATION TO PAY CHILD SUPPORT OR ENTITLED TO POSSESSION OF OR ACCESS TO A CHILD.

12.3. NOTICE TO ANY PEACE OFFICER OF THE STATE OF TEXAS: YOU MAY USE REASONABLE EFFORTS TO ENFORCE THE TERMS OF CHILD CUSTODY SPECIFIED IN THIS ORDER. A PEACE OFFICER WHO RELIES ON THE TERMS OF A COURT ORDER AND THE OFFICER'S AGENCY ARE ENTITLED TO THE APPLICABLE IMMUNITY AGAINST ANY CLAIM, CIVIL OR OTHERWISE, REGARDING THE OFFICER'S GOOD FAITH ACTS PERFORMED IN THE SCOPE OF THE OFFICER'S DUTIES IN ENFORCING THE TERMS OF THE ORDER THAT RELATE TO CHILD CUSTODY. ANY PERSON WHO KNOWINGLY PRESENTS FOR ENFORCEMENT AN ORDER THAT IS INVALID OR NO LONGER IN EFFECT COMMITS AN OFFENSE THAT MAY BE PUNISHABLE BY CONFINEMENT IN JAIL FOR AS LONG AS TWO YEARS AND A FINE OF AS MUCH AS $ 10,000.

12.4. FAILURE BY A PARTY TO OBEY THE ORDER OF THIS COURT TO PROVIDE EACH OTHER PARTY, THE COURT, AND THE STATE CASE REGISTRY WITH THE CHANGE IN THE REQUIRED INFORMATION MAY RESULT IN FURTHER LITIGATION TO ENFORCE THE ORDER, INCLUDING CONTEMPT OF COURT. A FINDING OF CONTEMPT MAY BE PUNISHED BY CONFINEMENT IN JAIL FOR UP TO SIX MONTHS, A FINE OF UP TO $500 FOR EACH VIOLATION, AND A MONEY JUDGMENT FOR PAYMENT OF ATTORNEY'S FEES AND COURT COSTS.

12.5. NOTICE SHALL BE GIVEN TO EACH OTHER PARTY BY DELIVERING A COPY OF SUCH NOTICE TO EACH PARTY BY REGISTERED OR CERTIFIED MAIL, RETURN RECEIPT REQUESTED. NOTICE SHALL BE GIVEN TO THE COURT BY DELIVERING A COPY OF THE NOTICE IN PERSON TO THE CLERK OF THE COURT OR BY REGISTERED OR CERTIFIED MAIL ADDRESSED TO THE CLERK AT 315th Judicial District Court of Harris County. NOTICE SHALL BE GIVEN TO THE STATE CASE REGISTRY BE MAILING A COPY OF THE NOTICE TO THE STATE CASE REGISTRY, CENTRAL FILE MAINTENANCE, P.O. BOX 12048, AUSTIN, TEXAS 78711-2048.

12.6. The child's information is provided above; the information required of each party not exempted from such disclosure is:

| 12.6.1. | Name: | **MONICA LEE GARCIA** |
| | Aka: | **MONICA LEE RIEDEL** |
| | Social Security number: | **XXX-XX-2824** |
| | Driver's License: | **XXXXX167** |
| | Current address: | **8304 BONHILL CT.,** |
| | | **SPRING, TX 77379** |
| | Home telephone number: | **(281) 886-6575** |
| | Name of employer: | **Redd School** |
| | Address of employment: | **4820 Strack Rd.,** |
| | | **Houston, TX 77069** |
| | Work telephone number: | **(281) 440-1106** |

| 12.6.2. | Name: | **SAMUEL R. GARCIA, JR.** |
| | Social Security number: | **XXX-XX-8811** |
| | Driver's License: | |
| | Current address: | **1736 COUNTY ROAD 457,** |
| | | **BAY CITY, TX 77414** |
| | Home telephone number: | **979. 477. 2824** |
| | Name of employer: | |
| | Address of employment: | |
| | Work telephone number: | |

12.7. **IT IS ORDERED** that each parent, who has not previously done so, provide information regarding the medical history of the parent and parent's ancestors on the medical history form, pursuant to § 161.2021, Texas Family Code.

13. **Warnings to Parties**

FAILURE TO OBEY A COURT ORDER FOR CHILD SUPPORT OR FOR POSSESSION OF OR ACCESS TO A CHILD MAY RESULT IN FURTHER LITIGATION TO ENFORCE THE ORDER, INCLUDING CONTEMPT OF COURT. A FINDING OF CONTEMPT MAY BE PUNISHED BY CONFINEMENT IN JAIL FOR UP TO SIX MONTHS, A FINE OF UP TO $500 FOR EACH VIOLATION, AND A MONEY JUDGMENT FOR PAYMENT OF ATTORNEY'S FEES AND COURT COSTS.

FAILURE OF A PARTY TO MAKE A CHILD SUPPORT PAYMENT TO THE PLACE AND IN THE MANNER REQUIRED BY A COURT ORDER MAY RESULT IN THE PARTY'S NOT RECEIVING CREDIT FOR MAKING THE PAYMENT.

FAILURE OF A PARTY TO PAY CHILD SUPPORT DOES NOT JUSTIFY DENYING THAT PARTY COURT-ORDERED POSSESSION OF OR ACCESS TO A CHILD. REFUSAL BY A PARTY TO ALLOW POSSESSION OF OR ACCESS TO A CHILD DOES NOT JUSTIFY FAILURE TO PAY COURT-ORDERED CHILD SUPPORT TO THAT PARTY.

14. **Expiration of Ad Litems and Other Appointments**

**IT IS ORDERED AND DECREED** that each Attorney Ad Litem and Attorney/Guardian Ad Litem and any other appointments not specifically retained above in this decree that have been made by this Court in this case do not conclude with the signing of this final judgment. These appointments continue until this case is final. This case is not final until this Court's plenary jurisdiction from this final judgment expires, and all appeals, if any, have concluded. In other words, even though this judgment is final, the attorneys appointed in this case have a continuing legal and ethical obligation to represent their client's interests in this case to final disposition, which could include the provision of legal services in connection with post-judgment motions or an appeal. Notwithstanding the legal representation provided after this final judgment is signed, the attorneys appointed in this case are not appointed to provide legal representation for Placement Review Hearings held pursuant to Chapter 263 of the Family Code, and shall not do so pursuant to their appointments by this Court.

15. **Dismissal of Other Court-Ordered Relationship**

Except as otherwise provided in this order, any other existing court-ordered relationships with the child the subject of this suit are hereby terminated and any parties claiming a court-ordered relationship with the child are **DISMISSED** from this suit.

16. **Discharge from Discovery Retention Requirement**

**IT IS ORDERED AND DECREED** that the parties and their respective attorneys are discharged from the requirement of keeping and storing the documents produced in this case in accordance with rule 191.4(d) of the Texas Rules of Civil Procedure.

17. **Denial of Other Relief**

**IT IS ORDERED AND DECREED** that all relief requested in this case and not expressly granted is denied.

18. **WARNING: APPEAL OF FINAL ORDER, PURSUANT TO §§ 263.405, TEXAS FAMILY CODE:**

A PARTY AFFECTED BY THIS ORDER HAS THE RIGHT TO APPEAL. AN APPEAL IN A SUIT IN WHICH TERMINATION OF THE PARENT-CHILD RELATIONSHIP IS SOUGHT IS GOVERNED BY THE PROCEDURES FOR ACCELERATED APPEALS IN CIVIL CASES UNDER THE TEXAS RULES OF APPELLATE PROCEDURE. FAILURE TO FOLLOW THE TEXAS RULES OF APPELLATE PROCEDURE FOR ACCELERATED APPEALS MAY RESULT IN THE DISMISSAL OF THE APPEAL.

19. **NOTICE TO ANY PEACE OFFICER OF THE STATE OF TEXAS:**

YOU MAY USE REASONABLE EFFORTS TO ENFORCE THE TERMS OF CHILD CUSTODY SPECIFIED IN THIS ORDER. A PEACE OFFICER WHO

RELIES ON THE TERMS OF A COURT ORDER AND THE OFFICER'S AGENCY ARE ENTITLED TO THE APPLICABLE IMMUNITY AGAINST ANY CLAIM, CIVIL OR OTHERWISE, REGARDING THE OFFICER'S GOOD FAITH ACTS PERFORMED IN THE SCOPE OF THE OFFICER'S DUTIES IN ENFORCING THE TERMS OF THE ORDER THAT RELATE TO CHILD CUSTODY. ANY PERSON WHO KNOWINGLY PRESENTS FOR ENFORCEMENT AN ORDER THAT IS INVALID OR NO LONGER IN EFFECT COMMITS AN OFFENSE THAT MAY BE PUNISHABLE BY CONFINEMENT IN JAIL FOR AS LONG AS TWO YEARS AND A FINE OF AS MUCH AS 10,000.

SIGNED this _____ day of **DEC 1 7 2014** , 2014.

_____
MICHAEL H. SCHNEIDER, JR.
JUDGE PRESIDING

Unofficial Copy Office of Chris Daniel District Clerk

**APPROVED AS TO FORM:**

**David S. Masquelette**
Attorney for Movant
Department of Family and Protective Services
1019 Congress, 15th Floor
Houston, TX 77002-1700
State Bar # 13162700
*email:* david.masquelette@cao.hctx.net
*phone:* 713-274-5220
*fax:* 713-437-4700

**Paul R. Lawrence**
Attorney or the Mother,
Monica Lee Garcia
Aka Monica Lee Riedel
2180 North Loop West, Suite 510
Houston, TX 77018
State Bar # 1205000
*phone:* 713-864-8000
*fax:* 713-864-0179

**Jeffrey H. Marsh**
Attorney Ad Litem for the Child
5225 Katy Frwy.. #250
Houston, TX 77007
State Bar # 13018300
*phone:* 713-626-2774
*fax:* 713-626-2775

**Sergio Reyes**
Attorney for the Father,
Samuel R. Garcia, Jr.
3528 1/2 E. Broadway
Pearland, TX 77581
State Bar # 16794725
*phone:* 281-485-3600
*fax:* 281-485-5553

**Dorothy Daley Oruaga**
Guardian Ad Litem for the Child
2646 South Loop West, Ste. 635
Houston, TX 77054
State Bar # 00791380
*phone:* 713-592-9100
*fax:* 713-592-9108

**Patricia Segura**
Attorney for the Mother,
Monica Lee Garcia
Aka Monica Lee Riedel
1001 West Loop South, Ste. 809
Houston, TX 77027
State Bar # 00784943
*phone:* 713-526-0322
*fax:* 713-623-2833

# CHILD SUPPORT ATTACHMENT A

1. **Child Support Obligation: MONICA LEE GARCIA AKA MONICA LEE RIEDEL**

   1.1. **Monthly Payments**

   1.1.1. **IT IS ORDERED** that **MONICA LEE GARCIA AKA MONICA LEE RIEDEL** is obligated to pay and shall pay child support of **$223.89** per month to **SAMUEL R. GARCIA, JR.** for the support of **CALEB CHRISTOPHER GARCIA**, with the first payment being due and payable on **January 1, 2015** and a like payment being due and payable on the **1st** day of each month thereafter until the first month following the date of the earliest occurrence of one of the events specified below:

   1. the child reaches the age of eighteen years, provided that, if the child is fully enrolled in an accredited secondary school in a program leading toward a high school diploma, the periodic child support payments shall continue to be due and paid until the end of the month in which the child graduates;
   2. the child marries;
   3. the child dies;
   4. the child's disabilities are otherwise removed for general purposes; or
   5. further order modifying this child support.

   1.2. **Notice of Change of Employer**

   **IT IS FURTHER ORDERED** that **MONICA LEE GARCIA AKA MONICA LEE RIEDEL** and her employer shall notify this Court and the Managing Conservator of the child the subject of this suit by U.S. certified mail, return receipt requested, of any termination of employment. This notice shall be given no later than seven days after the termination of employment, and shall include the current, or last known address of **MONICA LEE GARCIA AKA MONICA LEE RIEDEL** and the name and address of the new employer, if known. **MONICA LEE GARCIA AKA MONICA LEE RIEDEL** shall inform any subsequent employer of this support obligation and the withholding order.

2. **Place and Manner of Payment of Child Support**

   2.1. **IT IS ORDERED** that all child support payments are to be made through the Office of the Attorney General, Texas Child Support State Distribution Unit, P.O. Box 659791, San Antonio, Texas 78265-9941, for distribution to **SAMUEL R. GARCIA, JR., 1736 COUNTY ROAD 457, BAY CITY, TX 77414.**

   2.2. **IT IS ORDERED** that each payer or employer sending payments to the designated registry shall provide the registry with the following information: A.G. Case number; Payer Name; Payer SSN; Payee Name; and the court and cause number. Employers shall provide the date of withholding. If payments are processed through a local

registry, that registry shall include with the information provided to the attorney general the date the local registry received the payment.

3. **Statement on Guidelines**

To the extent that any support obligation specified above varies from the amount computed by applying the percentage guidelines in Chapter 154, Texas Family Code, the Court finds that the application of the percentage guidelines would be unjust or inappropriate, as more particularly shown in this Court's Findings on Child Support Order with respect to each obligor, which findings are incorporated herein as if set out verbatim in this paragraph.

4. **Withholding from Earnings for Child Support**

4.1. **IT IS ORDERED** that income shall be withheld from the disposable earnings of any Obligor under this order for payment of child support.

4.2. **IT IS FURTHER ORDERED** that all amounts withheld from the disposable earnings of an Obligor by the employer and paid in accordance with the order by that employer shall constitute a credit against the child support obligation. Payment of the full amount of child support ordered paid by this order through the means of withholding from earnings shall discharge the child support obligation. If the amount withheld from earnings and credited against the child support obligation is less than 100% of the amount ordered to be paid by this order, the balance due remains an obligation of the Obligor, and it is hereby **ORDERED** that said Obligor pay the balance due directly to the registry specified above.

4.3. On this date the Court signed an "Employer's Order to Withhold from Earnings for Child Support" with respect to each obligor under this order. **IT IS ORDERED** that, on the request of the Department, a prosecuting attorney, the Title IV-D Agency, or the parent obligated to pay support, the clerk of this Court shall cause a certified copy of the appropriate "Employer's Order to Withhold from Earnings for Child Support" to be delivered to the employer of any obligor. **IT IS FURTHER ORDERED** that the clerk of this Court shall attach a copy of subchapter C of chapter 158 of the Texas Family Code for the information of any employer.

# MEDICAL SUPPORT AND HEALTH INSURANCE PROVISIONS ATTACHMENT C

1. **Parent Obligated to Pay for Health Insurance:** **MONICA LEE GARCIA AKA MONICA LEE RIEDEL**

   1.1. The Court finds that **MONICA LEE GARCIA AKA MONICA LEE RIEDEL** is obligated to pay for 50% of all medical expenses not covered by health insurance.

2. **Parent Obligated to Pay for Health Insurance:** **SAMUEL R. GARCIA, JR.**

   2.1. **SAMUEL R. GARCIA, JR.** is to maintain health insurance for the child, **CALEB CHRISTOPHER GARCIA.**

   2.2 Obligor's Obligation –

   Obligations of **MONICA LEE GARCIA AKA MONICA LEE RIEDEL** - **MONICA LEE GARCIA AKA MONICA LEE RIEDEL** is ORDERED to pay to **SAMUEL R. GARCIA, JR.** fifty percent (50%) of the actual cost of the health insurance premiums for the child as additional child support, with the first installment of the fifty percent (50%) of the actual cost of the health insurance premiums being due and payable on **January 1, 2015** and a like installment being due and payable on the 1st day of each month thereafter until there is a change in the fifty percent (50%) of the actual cost of the health insurance premiums for the at child. Beginning on the first day of the month following each change in the fifty percent (50%) of the actual cost of the health insurance premiums for that child, **MONICA LEE GARCIA AKA MONICA LEE RIEDEL** is ORDERED to pay **SAMUEL R. GARCIA, JR.** fifty percent (50%) of the actual cost of the health insurance premiums for the child as additional child support, with the first installment of the changed amount being due and payable on the 1st day of the first month after the change becomes effective and **MONICA LEE GARCIA AKA MONICA LEE RIEDEL** is to receive written notice of said change and a like installment being due and payable on the 1st day of each month thereafter until there is another change in the fifty percent (50%) of the actual cost of the health insurance premiums for that child. **MONICA LEE GARCIA AKA MONICA LEE RIEDEL** is ordered to pay this additional child support to **SAMUEL R. GARCIA, JR.** as long as **SAMUEL R. GARCIA, JR.** is providing health insurance of that child even if the health insurance policy changes after the date of this order. IT IS ORDERED that **MONICA LEE GARCIA AKA MONICA LEE RIEDEL** may not be held in contempt of court for failure to pay **SAMUEL R. GARCIA, JR.** for any increase in the fifty percent (50%) of the actual cost of the health insurance premiums until fifteen days after the date **SAMUEL R. GARCIA, JR.** furnishes proof of the amount of the new premium to **MONICA LEE GARCIA AKA MONICA LEE RIEDEL.** IT IS ORDERED that the additional child support payments shall be made through the state disbursement unit at Texas Child Support Disbursement Unit, P.O. Box 659791, San Antonio, Texas 78265-9791, and thereafter promptly remitted to **SAMUEL R. GARCIA, JR.** for the support of the child. IT IS FURTHER ORDERED that any employer of **MONICA LEE GARCIA AKA MONICA LEE RIEDEL** shall be ordered to withhold from

earning for such additional child support from the disposable earning of **MONICA LEE GARCIA AKA MONICA LEE RIEDEL** for the support of the child.

3. **General Health Insurance Provisions**

   3.1. "Health insurance" is defined as insurance coverage that provides basic health-care services, including usual physician services, office visits, hospitalization, and laboratory, X-ray, and emergency services and may be provided through a health maintenance organization or other private or public organization.

   3.2. In addition to the provision of insurance or cash medical support ordered above, each parent is **ORDERED** to pay 50% of all reasonable and necessary health-care expenses not paid by insurance and incurred by or on behalf of the child, including, without limitation, the yearly deductible and medical, prescription drug, psychiatric, psychological, dental, eye care, ophthalmologic, and orthodontic charges, for as long as child support is payable under the terms of these orders.

   3.3. **IT IS ORDERED** that the party who pays for a health-care expense on behalf of the child shall submit to the obligated parent(s), within ten days of receiving them, all forms, receipts, bills, and statements reflecting the uninsured portion of the health-care expenses the paying party incurs on behalf of the child.

   3.4. **IT IS ORDERED** that reasonableness of the charges for health-care expenses shall be presumed on presentation of the bill to a party and that disallowance of the bill by a health insurer shall not excuse that party's obligation to make payment or reimbursement as otherwise provided herein.

   3.5. **IT IS ORDERED** that a party providing health insurance shall furnish to the child's Managing Conservator the following information no later than the tenth day after the date the notice of the rendition of this decree is received:

   - the Social Security number of the party providing insurance;
   - the name and address of the employer of the party providing insurance;
   - whether the employer is self-insured or has health insurance available;
   - proof that health insurance has been provided for the child; and,
   - either the name of the health insurance carrier, the number of the policy, a copy of the policy and schedule of benefits, a health insurance membership card, claim forms, and any other information necessary to submit a claim
   - or, if the employer is self-insured, a copy of the schedule of benefits, a membership card, claim forms, and any other information necessary to submit a claim.

   3.6. Notices and other communications required to carry out the terms of this medical support order shall be given by certified mail, return receipt requested to the address provided for the receiving party in this order.

### 3.7. Constructive Trust for Payments Received

**IT IS ORDERED** that any insurance payments received by the party carrying the health insurance policy covering the child from the health insurance carrier as reimbursement for health-care expenses incurred by or on behalf of the child shall belong to the party who incurred and paid those expenses. **IT IS FURTHER ORDERED** that the party carrying the policy is designated a constructive trustee to receive any insurance checks or payments for health-care expenses incurred and paid by the other party, and the party carrying the policy shall endorse and forward the checks or payments, along with any explanation of benefits, to the other party within three days of receiving them.

### 3.8. Insurance Claim by Party Not Carrying Insurance

In accordance with Article 3.51—13 of the Texas Insurance Code, **IT IS ORDERED** that the party who is not carrying the health insurance policy covering the child may, at that party's option, file directly with the insurance carrier with whom coverage is provided for the benefit of the child any claims for health-care expenses, including, but not limited to, medical, hospitalization, and dental costs. Further, for the sole purpose of article 3.51—13 of the Texas Insurance Code, the party who is not carrying the health insurance policy is designated the managing conservator of the child.

## 4. Warning

**A parent ordered to provide health insurance who fails to do so is liable for necessary medical expenses of the child, without regard to whether the expenses would have been paid if health insurance had been provided.**

Unofficial Copy Office of Chris Daniel District Clerk

# Exhibit A

## STANDARD POSSESSION ORDER
### Texas Family Code, Sections 153.312 et. seq.

### A. PARENTS WHO RESIDE 100 MILES OR LESS APART

Except as otherwise explicitly provided, if the Joint Managing Conservator resides 100 miles or less from the primary residence of the child, the Joint Managing Conservator shall have the right to possession of the child as follows:

1) **Weekends.**

On weekends beginning at 6:00 p.m. on the first, third, and fifth Friday of each month and ending at 6:00 p.m. on the following Sunday.

2) **Thursday**

On Thursdays of each week during the regular school term beginning at 6:00 p.m. and ending at 8:00 p.m.

3) **Vacations.** The following provisions govern possession of the child for vacations and for certain specific holidays and supersede any conflicting weekend or Thursday periods of possession provided by Subsection (1) and (2) of this section. The Joint Managing Conservator and (Father) Primary Joint Managing Conservator shall have the rights of possession of the child as follows:

   a) **Spring Vacation.** The Joint Managing Conservator shall have possession of the child in even-numbered years beginning at 6:00 p.m. on the day the child is dismissed from school for the school's spring vacation and ending at 6:00 p.m. on the day before school resumes, and the (Father) Primary Joint Managing Conservator shall have possession for the same period in odd-numbered years.

   b) **Summer.** (1) If the Joint Managing Conservator gives the (Father) Primary Joint Managing Conservator written notice by April 1 of each year specifying an extended period or periods of summer possession, the Joint Managing Conservator shall have possession of the child for 30 days beginning not earlier than the day after the child's school is dismissed for the summer vacation and ending no later than seven days before school resumes at the end of the summer vacation, to be exercised in no more than two separate periods of at least seven consecutive days each; with each period of possession beginning and ending at 6 p.m. on each applicable day; or

   (2) If the Joint Managing Conservator does not give the (Father) Primary Joint Managing Conservator written notice by April 1 of each year specifying an extended period or periods of summer possession, the Joint Managing Conservator shall have possession of the child for 30 consecutive days beginning at 6:00 p.m. on July 1 and ending at 6:00 p.m. on July 31.

   (3) If the (Father) Primary Joint Managing Conservator gives the Joint Managing Conservator written notice by April 15 of each year, the (Father) Primary Joint Managing Conservator shall have possession of the child on any one weekend beginning Friday at 6:00 p.m. and ending at 6:00 p.m. on the following Sunday during any one period of possession by the Joint Managing Conservator under Subdivision (d) of this subsection provided that the (Father) Primary Joint Managing Conservator picks up the child from Joint Managing Conservator and returns the child to that same place.

   (4) If the (Father) Primary Joint Managing Conservator gives the Joint Managing Conservator written notice by April 15 of each year or gives the Joint Managing Conservator 14 days' written notice on or after April 16 of each year, the (Father) Primary Joint Managing Conservator may designate one weekend beginning no earlier than the day after the child's school is dismissed for the summer vacation and ending not later than seven days before school resumes at the end of the summer vacation, during which an otherwise scheduled weekend period of possession by the Joint Managing Conservator will not take place, provided that the weekend designated does not interfere with the Joint Managing

Conservator's period or periods of extended summer possession or with Father's Day if the Joint Managing Conservator is the father of the child.

## B. PARENTS WHO RESIDE OVER 100 MILES APART

Except as otherwise explicitly provided. if the Joint Managing Conservator resides more than 100 miles from the residence of the child, the Joint Managing Conservator shall have the right to possession of the child as follows:

**Weekends. CHECK ONE:**

____ On weekends beginning at 6:00 p.m. on the first, third, and fifth Friday of each month and ending at 6:00 p.m. on the following Sunday.

____ Not more than one weekend per month of the Joint Managing Conservator's choice, beginning at 6:00 p.m. on the day school recesses for the weekend and ending at 6:00 p.m. on the day before school resumes after the weekend, provided that the Joint Managing Conservator gives the (Father) Primary Joint Managing Conservator 14 days' advance written or telephonic notice preceding a designated weekend. provided that the Joint Managing Conservator elects an option for this alternative period of possession by written notice given to the (Father) Primary Joint Managing Conservator within 90 days after the parties begin to reside more than 100 miles apart.

     a) Each year beginning at 6 p.m. on the day the child is dismissed from school for the school's spring vacation and ending at 6:00 p.m. the day before school resumes after that vacation.

     b) (1) If the Joint Managing Conservator gives the (Father) Primary Joint Managing Conservator written notice by April 1 of each year specifying an extended period or periods of summer possession, the Joint Managing Conservator shall have possession of the child for 42 days beginning no earlier than the day after the child's school is dismissed for the summer vacation and ending no later than seven days prior to school resuming at the end of the summer vacation, to be exercised in no more than two separate periods of at least seven consecutive days each; with each period of possession beginning and ending at 6 p.m. on each applicable day; or

         (2) If the Joint Managing Conservator does not give the (Father) Primary Joint Managing Conservator written notice by April 1 of each year specifying an extended period or periods of summer possession, the Joint Managing Conservator shall have possession of the child for 42 consecutive days beginning at 6:00 p.m. on June 15 and ending at 6:00 p.m. on July 27.

     c) If the (Father) Primary Joint Managing Conservator gives the Joint Managing Conservator written notice by April 15 of each year the (Father) Primary Joint Managing Conservator shall have possession of the child on one weekend beginning Friday at 6:00 p.m. and ending at 6:00 p.m. on the following Sunday during one period of possession by the Joint Managing Conservator under Subdivision (3), provided that if a period of possession by the Joint Managing Conservator exceeds 30 days, the (Father) Primary Joint Managing Conservator may have possession of the child under the terms of this subdivision on two nonconsecutive weekends during that time period, and further provided that the (Father) )Primary Joint Managing Conservator picks up the child from the Joint Managing Conservator and returns the child to that same place.

     d) If the (Father) Primary Joint Managing Conservator gives the Joint Managing Conservator written notice by April 15 of each year, the (Father) Primary Joint Managing Conservator may designate 21 days beginning no earlier than the day after the child's school is dismissed for the summer vacation and ending no later than seven days before school resumes at the end of the summer vacation, to be exercised in no more than two separate periods of at least seven consecutive days each, with each period of possession beginning and ending at 6 p.m. on each applicable day, during which the Joint Managing Conservator shall not have possession of the child, provided that the period or periods so designated do not interfere with the Joint Managing Conservator's period or periods of extended summer possession or with Father's Day if the Joint Managing Conservator is the, father of the child.

2) If the Joint Managing Conservator elects to begin a period of possession at the time the child's school is regularly dismissed, the (Father) Primary Joint Managing Conservator shall surrender the child to the Joint Managing Conservator at the beginning of each period of possession at the school in which the child is enrolled;

3) The Joint Managing Conservator shall: **CHECK ONE**

____ Surrender the child to the (Father) Primary Joint Managing Conservator at the end of each period of possession at the residence of the Joint Managing Conservator.

____ Return the child to the residence of the (Father) Primary Joint Managing Conservator at the end of each period of possession, except that the Joint Managing Conservator shall surrender the child to the managing conservator at the end of each period of possession at the residence of the Joint Managing Conservator if:

    a) at the time the original order or a modification of an order establishing terms and conditions of possession or access the Joint Managing Conservator and the (Father) Primary Joint Managing Conservator lived in the same county, the Joint Managing Conservator's county or residence remains the same after the rendition of the order establishing terms and conditions of possession and access, and the (Father) Primary Joint Managing Conservator's county of residence changes, effective on the date of the change of residence by the (Father) Primary Joint Managing Conservator; or

    b) the Joint Managing Conservator and (Father) Primary Joint Managing Conservator lived in the same residence at any time during a six-month period preceding the date on which a suit for dissolution of the marriage was filed and the Joint Managing Conservator's county of residence remains the same and the (Father) Primary Joint Managing Conservator's county of residence changes after they no longer live in the same residence, effective on the date the order is rendered.

4) If the Joint Managing Conservator elects to end a period of possession at the time the child's school resumes, the Joint Managing Conservator shall surrender the child to the (Father) Primary Joint Managing Conservator at the end of the each period of possession at the school in which the child is enrolled.

5) Each conservator shall return with the child the personal effects that the child brought at the beginning of the period of possession.

6) Either parent may designate any competent adult to pick up and return the child, as applicable; a parent or a designated competent adult shall be present when the child is picked up or returned.

7) A parent shall give notice to the person in possession of the child on each occasion that the parent will be unable to exercise that parent's right of possession for any specified period:

8) Written notice shall be deemed to have been made if received or postmarked before or at the time that notice is due.

9) If a conservator's time of possession of a child ends at the time school resumes and for any reason the child is not or will not be returned to school, the conservator in possession of the child shall immediately notify the school and the other conservator that the child will not be or has not been returned to school.

Tab B

TAMMY TAYLOR 176-7

CAUSE NO. 2013-03557J

IN THE INTEREST OF

███████████████████████

CHILD

IN THE DISTRICT COURT OF

HARRIS COUNTY, TEXAS

315 JUDICIAL JUVENILE DISTRICT

## THIRD AMENDED PETITION FOR PROTECTION OF A CHILD FOR CONSERVATORSHIP AND MOTION TO MODIFY PRIOR ORDER IN SUIT AFFECTING PARENT-CHILD RELATIONSHIP

This *Third Amended Petition For Protection Of A Child For Conservatorship and Motion to Modify Prior Order in Suit Affecting the Parent-Child Relationship* is brought by the Department of Family and Protective Services ("the Department"), represented by the Office of Vince Ryan, Harris County Attorney, whose address is 2525 Murworth Drive, Suite 300, Houston, Texas 77054-1603 for the purposes of § 30.015, Texas Civil Practice and Remedies Code. The Department was previously named the Managing Conservator of the child by virtue of an order in this cause of action.

The order to be modified is entitled **Final Decree** of Divorce and is dated the 13th day of June, 2011.

1. **Jurisdiction**

   1.1. This Court has jurisdiction of this suit by way of prior Order of Transfer.

   1.2. Information required by Section § 152.209 of the Texas Family Code is provided in the affidavit attached to the original petition. This Court has emergency and/or home state jurisdiction under the Uniform Child Custody Jurisdiction and Enforcement Act.

2. **The Child:**

The following child is the subject of this suit:

Name: ████████████
Sex: ████████████
Birth Date: ████████████
Place of Birth: ████████████ AS
Indian Status: UNKNOWN


EXHIBIT
A

3. **Parties to be Served**

3.1. The mother of the child the subject of this suit is:

Party: ████████████
AKA: ████████████
Date of Birth: ████████████
Address: ████████████

This party, having been previously served with citation and making an appearance, may be served with this amended pleading by a delivering a copy of this amended pleading to this party's counsel of record, as provided by Rule 21a, Texas Rules of Civil Procedure.

3.2. The father of the child, ████████████

Party: ████████████R.
Date of Birth: ████████████
Address: ████████████

This party, having been previously served with citation and making an appearance, may be served with this amended pleading by delivering a copy of this amended pleading to this party's last known address as provided by Rule 21a, Texas Rules of Civil Procedure.

3.3 To the best of the Department's knowledge, there are no other Court-ordered conservatorships, guardianships, or other court-ordered relationships affect the child the subject of this suit, other than those previously temporary orders rendered by this court in this present cause.

3.4 The Attorney General's office will be served by mail under Rule 21a, Texas Rules of Civil Procedure, at P.O. Box 12017, Austin, Texas 78711-2017, pursuant to § 102.009(d), Texas Family Code.

4. **Interstate Compact on the Placement of Children**

A verified statement of compliance with Subchapter B, Chapter 162, Texas Family Code, as required by § 162.002, Texas Family Code is attached to the original petition in this present cause.

5. **Property Owned by the Child**

No property of consequence is owned or possessed by the child the subject of this suit.

6. **Required Information**

6.1. The Department requests that each parent of the child the subject of this suit furnish information sufficient to accurately identify that parent's net resources and ability to pay child support along with copies of income tax returns for the past two years, any financial statements, bank statements, and current pay stubs, pursuant to Rule 196, Texas Rules of Civil Procedure, and § 154.063, Texas Family Code.



6.2. The Department requests that each parent of the child the subject of this suit provide to the Department and the Court evidence of health insurance available for the child, pursuant to Rule 196, Texas Rules of Civil Procedure, and § 154.182, Texas Family Code.

6.2.1. Further that if private health insurance is in effect, the Department requests that each parent provide the identity of the insurance company, the policy number, which parent is responsible for the payment of any insurance premium, whether the coverage is provided through a parent's employment, and the cost of such premium.

6.2.2. If private health insurance is not in effect, the Department requests that each parent provide information on whether the child is receiving medical assistance under chapter 32, Human Resources Code, or the child is receiving health benefits coverage under the state child health plan under chapter 62, Health and Safety Code and the cost of any premium or if either parent has access to private health insurance at reasonable cost to the parent.

7. **Permanent Conservatorship and Support of the child**

7.1. **Modification of Managing Conservatorship**

7.1.1. The Department would show by a preponderance of evidence that:

7.1.1.1. The circumstances of the child, a conservator, or other party affected by the order have materially and substantially changed since the date of the rendition of the order;

7.1.1.2. and new orders are in the best interest of the child.

Pursuant to §§153.005 and 263.404, Texas Family Code, if the child cannot safely be reunified with Respondent, ███████████, who is the primary Joint Managing Conservator under the aforementioned Divorce Decree, the Department requests that the Court appoint the Respondent father ███████ ████████ as sole managing conservator of the child.

7.1.2. If conservatorship is awarded as requested under this section, the application of the guidelines for possession and access to the child, as set out in §§ 153.311, et seq., Texas Family Code, would not be in the child's best interest. Further, the Respondent mother, ██████████████ should be appointed possessory conservator of the child and should have limited access to and possession of the child, under conditions and restrictions prescribed by the Court for the best interests of the child.

7.1.3. The Department is seeking that Respondent ██████████, be named sole managing conservator of the child,

7.1.4. In the alternative, the Department is seeking that Respondent ████████ ██████████ould be named the primary joint managing conservator

of the child with the right to designate domicile as specified in Texas Family Code § 453.133(a)(1).

### 7.2. Support

7.2.1. Respondent mother ~~████████~~ parent should be ordered to make payments for the support of the child in accordance with § 154.001(b), Texas Family Code, including retroactive support if appropriate, determined pursuant to § 154.131, Texas Family Code, and in a manner specified by the Court under Chapter 154, Texas Family Code. The payments for the support of the child should survive the death of either parent and become the obligation of the deceased Parent's estate.

7.2.2. Each parent should be ordered to provide health insurance for the child in accordance with §§ 154.182 and 154.183, Texas Family Code.

7.2.3. If any parent is found to be in arrears in child support or medical support payments ordered in this or in any other action, a judgment for enforcement of said arrearage should be issued against that parent pursuant to §§ 157.261, 158.003 and 158.004, Texas Family Code.

## 8. Payment of Attorney Ad Litem Fees and Expenses

### 8.1. Payment of Fees for Attorney Ad Litem

The Department requests that attorney's fees for any attorney *ad litem* for the child be assessed and paid in accordance with § 107.015, Texas Family Code.

## 9. Statutory Warning to Parents

The Department requests that the Court inform each parent in open court as required by §§ 262.201(c), 262.205(c)(2) and 263.006, Texas Family Code, at the adversary hearing, at the status hearing, and at each subsequent permanency hearing that parental and custodial rights and duties may be subject to restriction unless the parent or parents are willing and able to provide the child with a safe environment.

## 10. Prayer

10.1. The Department prays that the Court enter temporary and final orders in accordance with the allegations of this petition.

10.2. The Department prays for attorney's fees, expenses, and costs.

10.3. The Department prays for general relief.

Respectfully Submitted,
Vince Ryan # 99999939
Harris County Attorney

David S. Masquelette
Assistant County Attorney
2525 Murworth Drive, Suite 300
Houston, Texas 77054-1609
State Bar # 13162700
*email:* david.masquelette@cao.hctx.net
*phone:* 713-578-3900
*fax:* 713-578-3995

Unofficial Copy Office of Chris Daniel District Clerk

TAMMY TAYLOR 176-7
KE'SHA JACOBS

CAUSE NO. 2013-03557J

IN THE INTEREST OF

████████████████████████

CHILD

IN THE DISTRICT COURT OF

HARRIS COUNTY, TEXAS

315 JUDICIAL JUVENILE DISTRICT

INTERSTATE COMPACT AFFIDAVIT

STATE OF TEXAS

COUNTY OF HARRIS

BEFORE ME, the undersigned authority, personally appeared **DAVID S. MASQUELETTE**, who was sworn by me and deposed as follows:

"My name is **DAVID S. MASQUELETTE**. I am of sound mind and capable of making this affidavit."

**Interstate Compact on the Placement of Children**

"At the time of the filing of this petition, the Department of Family and Protective Services has complied with all requirements of the Interstate Compact on the Placement of Children as set forth in Chapter 162, Subchapter B, Texas Family Code."

_____
Affiant

SIGNED under oath before me on the 17 day of ___June___, 2014.

_____
Notary Public in and for the State of Texas

My commission expires: __5/29/16__

VICTORIA ELLYN CARSON
NOTARY PUBLIC, STATE OF TEXAS
MY COMMISSION EXPIRES
MAY 29, 2016

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing has been sent by certified mail, return receipt requested, or facsimile transmission to the following parties:

Jeffrey H. Marsh, 5225 Katy Frwy., #250, Houston, TX 77007     FAX 713-626-2775

Child Advocates, Inc., 2401 Portsmouth, Suite 210, Houston, TX 77098    FAX 713-529-1390
Patricia Segura, 1455 West Loop South, Suite 210, Houston, TX 77027    FAX (713)623-2833
Paul R. Lawrence, 2180 North Loop West, Suite 510, Houston, TX 77018    FAX 713-864-0179
Texas Attorney General, P.O. Box 12017, Austin, Texas 78711-2017

on     6/20/14

David S. Masquelette
Attorney for the Petitioner

Unofficial Copy Office of Chris Daniel District Clerk